# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PEOPLE OF THE STATE OF ILLINOIS *ex*   )
*rel.* LISA MADIGAN, Attorney General of   )
the State of Illinois,   )
  )
      Plaintiff,   )
  )    No.  08 CV 5955
      v.   )
JOHN TARKOWSKI, an individual, and   )    JUDGE DAVID H. COAR
FRANCIS ARGUS WARD, an individual,   )
  )
      Defendants.   )

## MEMORANDUM OPINION AND ORDER

Before this court now is a motion by Plaintiff People of the State of Illinois *ex rel.* Lisa Madigan, Attorney General of the State of Illinois ("Plaintiff" or "The State") to remand this case to state court. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

On September 25, 2008, the State filed a two-count complaint against Defendants John Tarkowski and Francis Argus Ward, seeking recovery of the State of Illinois' costs relating to the State's clean up activities at the property at which Defendant Tarkowski resides. Defendant Tarkowski had apparently maintained in excess of 10,000 waste or used tires on his property, which the State deemed to be a threat to public health and the environment, and had removed between August 1 and 23, 2006. The State seeks recovery of its costs pursuant to Sections 22.2(f) and 55.3(h) of the Illinois Environmental Protection Act ("Act"), 415 ILCS 5/22.2(f) and 55.3(h) (2006). Compl. ¶ 13, 39, 29. Subsequently, Defendant Tarkowski filed a Petition for Removal ("Petition") with the Clerk of this Court, seeking to adjudicate this case in a federal

district court rather than in state court, where it had originally been filed.  The Petition premised removal on 28 U.S.C. §§ 1441, 1442, and 1443.

On November 10, 2008, the State filed a motion to remand the case to state court, arguing that this Court did not have jurisdiction to hear the case.  On November 12, 2008, on its own motion, this Court issued a Rule to Show Cause as to why this case should not be remanded to the Circuit Court of Lake County.  Defendants were ordered to file a supplement to his Notice of Removal indicating, with particularity, the basis for jurisdiction, addressing the issues raised in the November 12th order.

## DISCUSSION

### 1. Removal is improper pursuant to 28 U.S.C. § 1441.

Defendants seek to remove this case to federal court pursuant to 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  The party seeking to invoke federal jurisdiction bears the burden of demonstrating that removal is proper.  *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524 (7th Cir. 2004).

Defendant's Petition asserts that this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 ("Federal question jurisdiction"). The district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  To determine whether federal question jurisdiction exists, a court examines the plaintiff's well-pleaded complaint to see if it raises an issue of federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55

(1987); *Rice v. Panchal,* 65 F.3d 637, 639 (7th Cir.1995). Federal issues that arise solely as a *defense* to a state law action do not confer federal question jurisdiction. *Chicago v. Comcast Cable Holdings, L.L.C.,* 384 F.3d 901 (7th Cir.2004).

Both of the State's causes of action against Defendants sound in state law. They are straightforward state law claims for the recovery of the State's clean-up costs. No federal issue is apparent on the face of Plaintiff's well-pleaded complaint. Recognizing this, on November 12, 2008, this Court ordered Defendant Tarkowski to file a supplement indicating *with particularity* the basis for removal jurisdiction. Defendant Tarkowski filed a supplement on December 15, 2008, but the supplement fails to address the Court's concerns. Instead, it only repeats the vague, conclusory, and insufficient allegations from the original Petition, namely, that the case involves

> . . . civil rights violations and jurisdictional grounds, and raises a federal question of the conspiracy with federal agencies and employees, to violate [Tarkowski's] civil and constitutional rights, by antitrust violations and discrimination in housing and by State interference into the obligation of a private contract, as an interloper.

Petition 2, Dec. 15, 2007. This is the extent to which Defendant Tarkowski's supplemental filing discusses the propriety of removal jurisdiction.

It is clear from the Petition and supplemental filing that Defendant Tarkowski feels he has been consistently wronged by the State of Illinois since at least 1965. However, the passionate expression of these grievances in the Petition does not suffice to meet the Defendants' burden to demonstrate that removal pursuant to 28 U.S.C. § 1441 is proper in this instance.

## 2. **Removal is improper pursuant to 28 U.S.C. § 1442.**

Defendants also seek to remove this case pursuant to 28 U.S.C. § 1442 ("Federal officers or agencies sued"). This statute provides that the United States (and its agencies or officers) may

remove a state case to federal court if it has been named as a defendant in a state court civil or criminal proceeding.  28 U.S.C. § 1442.  Defendants do not fall within the provisions of the statute, and therefore removal is improper pursuant to 28 U.S.C. § 1442.

### 3. Removal is improper pursuant to 28 U.S.C. § 1443.

Defendants also seek to remove this case pursuant to 28 U.S.C. § 1443 ("Civil rights cases"), which states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Removal under 28 U.S.C. § 1443 is rather limited.  First, defendants may remove cases where they can show both that (1) the right allegedly denied them arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.  *J.O. v. Alton Community Unit School Dist.11*, 909 F.2d 267, 270 n.2 (7th Cir. 1990) (citing *Johnson v. Mississippi,* 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975)); 28 U.S.C. § 1443(1).  Second, defendants may remove cases where they are the target of a civil action or criminal prosecution for acts (or a refusal to act) taken under the color of authority derived from a law providing for equal rights.  28 U.S.C. § 1443(2).  Basically, the purpose of §1443 is to protect defendants from groundless state charges based on race, assuming

that a federal court will be more protective of federally guaranteed equal rights. *Alton Community Unit*, 909 F.2d at 270 n.2.

Congress intended §1443 to provide for the removal of cases involving equal rights laws couched in terms of equality. *Id.* Section 1443 simply does not apply to laws such as the due process clause and 42 U.S.C. § 1983 that work to guarantee rights available to all persons or citizens. *Id.* Defendants have not shown that this case involves any of the matters to which §1443 is applicable. Therefore, removal under this section is also improper.

## CONCLUSION

For the foregoing reasons, this case is remanded to the Circuit Court of Lake County. Enter:

<u>/s/ David H. Coar</u>
David H. Coar
United States District Judge

**Dated:** January 9, 2008